UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10266-ADB

JOSE ALFREDO RAMIREZ CARRERA,
Petitioner,

v.

SHERIFF STEVEN TOMPKINS,
Respondent.

MEMORANDUM AND ORDER

BURROUGHS, D.J.

On February 14, 2017, petitioner Jose Alfredo Ramirez Carrera, an alien detainee in custody at the Suffolk County House of Correction in Boston, Massachusetts, filed a self-prepared petition for writ of habeas corpus under 28 U.S.C. § 2241, naming Suffolk County Sheriff Steven W. Tompkins as the respondent. Petitioner seeks immediate release from custody on the grounds that his continued detention violates his due process rights pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) because it has been more than six months since his final order of removal and his removal outside the United States is not reasonably foreseeable.

Specifically, petitioner alleges that he received a final order of removal on May 20, 2016 and was taken into custody on May 19, 2016. He further claims that, despite his cooperation with Immigration and Customs Enforcement ("ICE"), he is unable to be removed in the foreseeable future because he is undergoing dialysis treatment. He seeks release so that he can obtain his own medical treatment until ICE can set a realistic date for his removal.

1

Petitioner failed to pay the $5.00 filing fee for habeas petitions or seek a waiver thereof.

In light of the above, it is hereby Ordered that:

1.  Within 21 days from the date of this Memorandum and Order, petitioner shall pay the $5.00 filing fee or he shall seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases (applicable at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases). Failure to comply with this directive may result in a dismissal of this action.

2.  Yolanda Smith, Superintendent of the Suffolk County House of Correction, shall be substituted as the sole respondent in this action. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (holding that immediate custodian of petitioner is proper respondent in habeas action); Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) (same, as applied to immigration detainee). Sheriff Tompkins shall be terminated as a party to this action.

3.  Notwithstanding the unresolved filing fee issue, the Clerk of this Court shall serve a copy of the petition and this Memorandum and Order upon (i) Superintendent Yolanda Smith; and (ii) William D. Weinreb, the Acting United States Attorney for the District of Massachusetts.

4.  The respondent shall, within 21 days of receipt of the petition, respond to the petition.

5.  The Respondent shall give the Court 48 hours notice prior to any removal of the

petitioner from the District of Massachusetts.

SO ORDERED.

<u>Feb. 27, 2017</u>                                                         <u>/s/ Allison D. Burroughs            </u>
DATE                                                                    ALLISON D. BURROUGHS
                                                      UNITED STATES DISTRICT JUDGE